UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEORGE K. PRAGOVICH,

    Petitioner,

v.

INTERNAL REVENUE SERVICE, JOSEPH CONROY, and SAM ANDERSON,

    Respondents.

No. 08-mc-12-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner George K. Pragovich's motion to quash a third-party summons issued by the Internal Revenue Service ("IRS") (Doc. 1) and the respondents' motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (Doc. 7). Because the respondents' motion attaches materials outside the pleadings, which is not permitted in connection with a Rule 12(b)(6) motion, and is more in the nature of a response to Pragovich's motion to quash, the Court will consider it as a response instead of as a Rule 12(b)(6) motion. Pragovich has not responded to the respondents' filing.

Pragovich asks the Court to quash an administrative summons issued by IRS Revenue Agent Joseph Conroy and approved by IRS Group Manager Sam Anderson to Herman Wesselman in the Southern District of Illinois. Conroy is investigating whether Pragovich, doing business as the National Justice Center, is organizing, promoting or selling services and materials to assist others in filing frivolous lawsuits under 26 U.S.C. §§ 7433 and 7431 as part of a tax fraud scheme to avoid collection of federal income taxes. If he has done this, Pragovich may be liable for penalties under 26 U.S.C. §§ 6700 and 6701. Conroy has evidence that at least one individual who filed a frivolous lawsuit did so with Pragovich's direction and assistance. The summons to Wesselman, who had also filed a frivolous tax lawsuit, commands him to produce certain documents related to Wesselman's contacts with Pragovich.

Conroy duly notified Pragovich that he had issued the third-party summons to Wesselman. Pragovich now asks the Court to quash this third-party summons on the grounds that it was issued for the improper purpose of chilling his First Amendment rights.

The Internal Revenue Code authorizes the IRS to issue a summons to examine materials relevant to an inquiry into "any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a) & (b). Generally, when it issues a summons to a third party, the IRS must give the taxpayer reasonable notice in advance of that contact. 26 U.S.C. § 7602(c)(1). It may not issue a summons if a Justice Department referral is in effect with respect to the taxpayer. 26 U.S.C. § 7602(d).

In order to withstand a motion to quash an IRS summons, the IRS must establish a *prima facie* case that it issued the summons in good faith. *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997). To do this, it must show

> the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons.

*Id.* (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). An affidavit of a revenue agent conducting the investigation can be sufficient to make this showing. *2121 Arlington Heights Corp.*, 109 F.3d at 1224. If the IRS makes this showing, the person objecting to the summons must then show that enforcing the summons would be an abuse of process either because one of the foregoing four factors is not satisfied or because the IRS issued the summons in bad faith. *Id.* The respondents have made a *prima facie* showing of good faith. Conroy's affidavit establishes that the investigation underlying the summons was for the purpose of detecting activity that may subject Pragovich to penalties under 26 U.S.C. § 6700 for promoting abusive tax shelters and under 26 U.S.C. § 6701 for aiding and abetting the understatement of tax liabilities. Conroy had found at least one individual who claimed Pragovich had assisted her in filing a frivolous tax lawsuit, and he wanted to find out from Wesselman if Pragovich had

2

also assisted him in filing a frivolous lawsuit similar in form and content.

The documents sought from Wesselman are relevant to the purpose of detecting conduct warranting a penalty under § 6700 or § 6701 because they may reflect that Pragovich assisted Wesselman in filing his frivolous lawsuit in a way that constitutes promotion of an abusive tax shelter or aiding the understatement of tax liabilities. If such information exists, it could be a building block to create a larger picture of a widespread abusive tax shelter scheme. This is sufficient to satisfy the relevancy requirement, for documents are relevant if they simply have "the potential to shed some light on any aspect" of the matter being investigated. *See id.* at 1224 (citing *United States v. Arthur Young & Co.*, 465 U.S. 805, 814-15 (1984)).

Conroy's affidavit also establishes that the IRS does not possess the information it seeks in the summons issued to Wesselman and that the IRS has following the appropriate procedures for issuance of the summons. Thus, the respondents have established a *prima facie* case that they have acted in good faith, and the burden shifts to Pragovich to show enforcement of the summons would be an abuse of process.

Pragovich has not alleged anything that, if true, would amount to an abuse of process or bad faith. Pragovich first argues that the summons was issued for the improper purpose of chilling his First Amendment rights to associate with Wesselman and others and to petition the court for redress of grievances through filing lawsuits under 26 U.S.C. §§ 7431 and 7433. However, he has failed to establish a *prima facie* case of infringement of his First Amendment rights. Courts have adjudged lawsuits like those Pragovich has assisted in filing to be frivolous, and there is no constitutional protections for filing frivolous lawsuits. *Coleman v. Commissioner of Internal Revenue*, 791 F.2d 68, 72 (7th Cir. 1986). Thus, that the summons may dissuade Pragovich from assisting others to file frivolous suits is not an infringement on First Amendment rights. Pragovich has not carried his burden of pointing to anything

specifically showing how his First Amendment rights would be violated by the summons.

He further argues that § 6700 does not apply to him because he is not a promoter of abusive tax shelters. However, the respondents need not show at this stage that Pragovich is a promoter or even that they have probable cause to believe he is a promoter. Such a requirement at this stage would "seriously hamper the Commissioner [of Internal Revenue] in carrying out investigations he thinks warranted, forcing him to litigate and prosecute appeals on the very subject which he desires to investigate." *Powell*, 379 U.S. at 53-54. All the respondents must show is that the material sought is relevant to a legitimate inquiry, which they have done.

In sum, the respondents have established a *prima facie* case that the IRS issued the summons in good faith. Pragovich has not disproved the *Powell* factors and has not otherwise shown that issuance of the summons was in bad faith. Therefore, the Court **DENIES** Pragovich's motion to quash (Doc. 1). The respondents' motion to dismiss (Doc. 7) is **MOOT** as it has been construed as a response to Pragovich's motion.

**IT IS SO ORDERED.**
**DATED: August 11, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
